UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

XAVIER CRUZ,
 *Petitioner*,

v.

UNITED STATES OF AMERICA,
 *Respondent*.

No. 3:23-cv-942 (VAB)

**RULING AND ORDER ON MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

On August 24, 2023, Xavier Cruz filed an application for a writ of habeas corpus, moving to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(1). Motion to Vacate, Set Aside or Correct Sentence, ECF No. 5 (Aug. 24, 2023) ("Mot.").

For the following reasons, the motion to vacate, set aside, or correct Mr. Cruz's sentence is **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

 **A. Factual Background**

On December 21, 2020, a grand jury returned a two-count indictment charging Mr. Cruz with possession of a firearm by a felon and possession of a firearm with an obliterated serial number. *See* Sealed Indictment, *United States v. Xavier Cruz ("Cruz")*, Case No. 3:20-CR-257, ECF No. 1 (Dec. 21, 2020).

On May 11, 2021, Mr. Cruz pled guilty to Count One of the Indictment, which charged the unlawful possession of a firearm by a felon. Min. Entry, *Cruz*, ECF No. 30 (May 11, 2021). As part of his plea agreement, Mr. Cruz agreed that he would not "appeal or collaterally attack

his conviction in . . . a motion under 28 U.S.C. § 2255 and/or § 2241." Plea Agreement, *Cruz*, ECF No. 33 at 6 (May 11, 2021) ("Plea Agreement"). This waiver encompassed any claim that "the statute(s) to which [he] is pleading guilty is unconstitutional" but preserved Mr. Cruz's ability to later raise "a claim of ineffective assistance of counsel in an appropriate forum." *Id.*

On December 12, 2022, U.S. District Judge Janet B. Arterton sentenced Mr. Cruz to sixty months' imprisonment, followed by a term of supervised release of three years. Min. Entry, *Cruz*, ECF No. 93 (Dec. 12, 2022); Judgment, *Cruz*, ECF No. 96 (Dec. 16, 2022).

On December 19, 2022, Mr. Cruz filed a Notice of Appeal. His sole basis for the appeal was that the sentencing judge "departed upward from the agreed upon guidelines range of 41 to 51 months." Not. of Appeal, *Cruz*, ECF No. 98 (Dec. 19, 2022).

On August 10, 2023, Mr. Cruz's appeal was dismissed upon his own motion to withdraw. Mandate, *Cruz*, ECF No. 110 (Aug. 10, 2023).

On November 2, 2023, Mr. Cruz filed a motion to reduce his sentence under 18 U.S.C. § 3852(c)(2). Mot. to Reduce Sentence, *Cruz*, ECF No. 111 (Nov. 2, 2023).

On May 15, 2024, U.S. District Judge Kari A. Dooley denied Mr. Cruz's motion to reduce sentence. Order Denying Mot. to Reduce Sentence, *Cruz*, ECF No. 121 (May 15, 2024).

B.  Procedural History

On July 14, 2023, Mr. Cruz filed his first § 2255 motion in this case. Mot. to Vacate, Set Aside or Correct Sentence (2255), ECF No. 1 (July 14, 2023).

On August 4, 2023, in light of Mr. Cruz's pending direct appeal, the Court denied Mr. Cruz's motion without prejudice to renewal. Order, ECF No. 4 (Aug. 4, 2023).

On August 24, 2023, after withdrawing his appeal, Mr. Cruz submitted a second motion to vacate, set aside, or correct his sentence under § 2255. Mot.

On November 17, 2023, the Government filed a memorandum in opposition to Mr. Cruz's § 2255 motion. Mem. in Opp'n to Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 12 (Nov. 17, 2023) ("Opp'n").

On December 18, 2023, Mr. Cruz submitted his reply. Def.'s Response to Gov't Opp'n to Def.'s Mot. Under 2255, ECF No. 13 (Dec. 18, 2023) ("Reply").

## II.   STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

Review on a § 2255 motion should be "narrowly limited." *Id.* (citing *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). "A federal prisoner may not use a section 2255 petition to relitigate questions that were expressly or impliedly resolved during a direct appeal, unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Patterson v. United States*, No. 3:16-cv-1052 (SRU), 2020 WL 3510810, at *1 (D. Conn. June 29, 2020) (internal quotation marks omitted) (citing *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2013)).

Section 2255 provides that a district court should grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "[i]t is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). In making this decision, district courts may "exercise their common sense," *Machibroda*

3

*v. United States*, 368 U.S. 487, 495 (1962), and dismiss a § 2255 petition "without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017); *see also United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits 'meritorious allegations' that can be established by 'competent evidence,' 'it would go too far to say that it was error for the district court to have failed to conduct a full evidentiary hearing.'" (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987))).

Finally, where the petitioner is *pro se*, courts must liberally construe the petitioner's filings to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman*, 470 F.3d at 474).

## III. DISCUSSION

Mr. Cruz seeks to overturn his conviction on two grounds. First, he argues that, after the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), "the 922(g)(1) charge that Mr. Cruz was convicted for, is therefore unconstitutional and vi[o]lates his second Amendment rights[.]" Mem. in Supp. of Pet. for Habeas Corpus Pursuant to 28 U.S.C. § 2255, ECF No. 5-1 at 3–4 (Aug. 24, 2023) ("Mem."). Second, Mr. Cruz argues that his trial counsel's failure to challenge the constitutionality of Count One of the indictment (which charged possession of a firearm by a convicted felon under § 922(g)(1)), amounted to a deficient performance under *Strickland*, resulting in prejudice. *Id.* at 4–5 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In response, the Government argues that Mr. Cruz's first ground is precluded by the waiver in his plea agreement; that his ineffective assistance of counsel claim fails as a matter of law; and that, even if he were able to overcome both of these issues, he would be unable to show prejudice. Opp'n at 1.

Mr. Cruz replies that he could not have knowingly waived his right to appeal his conviction under *Bruen* because: (1) he was not informed during his plea hearing that he was "waiving the right to later challenge his conviction and sentence if there was a subsequent change in law that would benefit him[,]" and (2) because *Bruen* had yet to be decided at the time of his plea, he could not have waived any rights flowing from that decision. Reply at 2–3. Mr. Cruz also argues that he was prejudiced by his counsel's failure to anticipate *Bruen* and advise him accordingly. *Id.* at 3 ("Had Mr. Cruz's Counsel been more professional with the handling of his Case there is a reasonable probability that the outcome would have been different.")

The Court disagrees.

**A. The Validity of the Plea Agreement After *Bruen***

In general, "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016); *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000) ("This Court has repeatedly upheld the validity of such waivers, with the obvious caveat that such waivers must always be knowingly, voluntarily, and competently provided by the defendant.'"). Yet, "because plea agreements are unique contracts, we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." *United States v. Woltmann*, 610 F.3d 37, 39–40 (2d Cir. 2010) (internal quotation marks and ellipsis omitted). Thus, while "plea agreements are to be applied 'narrowly'

5

and construed 'strictly against the government,'" *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (quoting *United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000)), "exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence[.]" *Gomez-Perez*, 215 F.3d at 319. For example:

> [i]n some cases, a defendant may have a valid claim that the waiver of appellate rights is unenforceable, such as [ (1) ] when the waiver was not made knowingly, voluntarily, and competently, [ (2) ] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [ (3) ] when the government breached the plea agreement, or [ (4) ] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amount[ing] to an abdication of judicial responsibility subject to mandamus.

*Id.* (alterations in original). The Second Circuit has "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines[.]" *Gomez-Perez*, 215 F.3d at 319 (citing *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995) (enforcing an appeal waiver despite the defendant's allegation that the sentence was imposed in an illegal fashion)).

Under the waiver provision of the plea agreement entered into by Mr. Cruz, and by pleading guilty, Mr. Cruz "waive[d] his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241." Plea Agreement at 6. This waiver encompassed any potential challenges to Mr. Cruz's conviction based on: (1) "any non-jurisdictional defects in the proceedings" before entry of the plea; (2) any claim that the statute to which he pled guilty was unconstitutional; and (3) any claim that his admitted conduct did not fall within the scope of the statute. *Id.* The waiver of Mr. Cruz's right to challenge his conviction did not extend to claims of ineffective assistance of counsel. *Id.*[1]

---

[1] The agreement also waived Mr. Cruz's right to appeal or collaterally attack his sentence "if it [did] not exceed 51 months of imprisonment, a 3-year term of supervised release, a $100 special assessment, a $250,000 fine, and

6

Here, Mr. Cruz has not suggested that his plea was entered into improperly. He argues briefly that he could not have knowingly or voluntarily waived his right to appeal under *Bruen* because he was not informed during his plea hearing that he was "waiving the right to later challenge his conviction and sentence if there was a subsequent change in law that would benefit him[.]" Reply at 2. Yet, the plain language of the plea agreement, as well as the Government's description of the agreement during the change of plea hearing, precluded future challenges based on the unconstitutionality of the statute under which he pled guilty. Plea Agreement, at 6 ("the defendant waives his right to challenge his conviction based on . . . a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional"); Transcript of Proceedings as to Change of Plea Hearing, *Cruz*, ECF No. 108 at 19 (Apr. 17, 2023) ("Transcript") ("[T]he defendant is agreeing that he is waiving his right to appeal or collaterally attack his conviction after this guilty plea; however, this particular waiver doesn't preclude him from raising a claim of ineffective assistance of counsel in the appropriate forum later on.").

The Second Circuit has clearly established that a defendant who signs a plea agreement will be bound by the terms of any waiver provision, even where the trial court fails to address or explain the consequences of the waiver during the plea colloquy. *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (affirming the district court's conclusion that a §

---

forfeiture as described in the agreement." Plea Agreement at 6. Mr. Cruz's waiver of his right to appeal or collaterally attack his conviction did not contain such a provision. Mr. Cruz's sentence did, in fact, exceed the range set forth in the plea agreement. *See* Min. Entry, *Cruz*, ECF No. 93 (Dec. 12, 2022); Judgment, *Cruz*, ECF No. 96 (Dec. 16, 2022) (sentencing Mr. Cruz to sixty months' imprisonment, followed by a term of supervised release of three years). Because Mr. Cruz challenges only his conviction, rather than his sentence, the fact that his sentence fell outside the waiver provision is not relevant to the Court's analysis. In any event, while the sentence exceeded the range set forth in the plea agreement, because of acts undertaken by Mr. Cruz between his plea and his sentencing, including violating the terms of his release, "the Probation Office and the district court . . . found Cruz's actions to be an obstruction of justice and applied a Guidelines enhancement accordingly." Opp'n at 2–3; *see also* Transcript at 38 ("The Court: All right. Mr. Cruz, do you understand that if you fail to appear for sentencing on August 3 at 3:30 in this courtroom or as otherwise scheduled, that may subject you to additional penalties for the offense of failure to appear or for violating of the court order that you appear at that time and place?; The Defendant: Yes, Your Honor."). Even with that enhancement, "the court still departed downward from the applicable Guidelines range and sentenced Cruz to 60 months imprisonment." *Id.* at 3.

2255 petitioner's waiver of appeal and collateral attack rights was knowing and voluntary, despite the fact that "[t]he defendant was not asked about and did not specifically address the waiver" during the plea allocution); *see also United States v. Castillo*, 303 F. App'x 989, 991 (2d Cir. 2008) (summary order) (finding that "nothing in the record" suggested the defendant misunderstood the terms of an appeal waiver, despite the fact that the district court's description of the waiver "was no model of clarity"); *see id.* ("The district court confirmed, as a general matter, that [Defendant] had read and understood the agreement, and had reviewed it with counsel. The specific terms of the appellate waiver were made clear to [Defendant] at the sentencing stage, and [Defendant] did not object or attempt to withdraw his guilty plea.").

Here, after the Government explained the plea agreement in detail, Judge Arterton provided her own description of it, but more importantly, finally inquired of Mr. Cruz the following: "Do you have any questions about the rights that you're waiving, the right to trial and these other rights that I've been describing to you?" Transcript at 27. Mr. Cruz responded: "No, Your Honor." *Id.* As a result, there is "nothing in this record" to suggest that Mr. Cruz misunderstood any of the terms in his plea agreement.

Finally, it is well-established that a subsequent change in the law will not invalidate a plea agreement that was validly entered into. "[A] defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008); *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)).

Accordingly, Mr. Cruz validly waived his right to challenge his conviction and Mr. Cruz's arguments regarding the unconstitutionality of his conviction under § 922(g), in light of *Bruen*, are denied.[2]

### B. The Ineffective Assistance of Counsel Claim

Claims of ineffective assistance of counsel are assessed under the standard articulated in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail under *Strickland*, a defendant must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McCoy v. U.S.*, 707 F.3d 184, 187 (2d Cir. 2013). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

To give appropriate deference to counsel's independent decisionmaking, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008) (quoting *Strickland*, 466 U.S. at 689). Courts are cautioned against "look[ing] back and project[ing] *ex post* knowledge of

---

[2] Although the Court need not reach the issue at this time, contrary to Mr. Cruz's claims, the implications of *Bruen* on the constitutionality of § 922(g) are far from clear. Although the Second Circuit has yet to consider § 922(g) post-*Bruen*, a number of courts in this Circuit have concluded that *Bruen* did not disturb the still-operative precedent established by *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (per curiam). *See, e.g.*, *United States v. Davila*, No. 23-cr-292 (JSR), 2023 WL 5361799, at *2–5 (S.D.N.Y. Aug. 22, 2023) (concluding that the *Bogle* is still binding precedent in this Circuit, notwithstanding *Bruen*, and further reasoning that, even if *Bogle* were not good law, § 922(g)(1) would nevertheless remain constitutional because it is "[c]onsistent with the Nation's historical tradition of firearms regulation"); *United States v. Hampton*, 676 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) ("the Second Circuit upheld the constitutionality of section 922(g)(1) in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (per curiam), and that precedent has not been disturbed by *Bruen*"); *United States v. Sternquist*, No. 22-CR-473(DLI), 2023 WL 6066076, at *3 (E.D.N.Y. Sept. 15, 2023) ("this Court finds § 922(g)(1) constitutional, both on its face and as applied to Defendant, on the ground that *Bruen* did not disturb and, if anything, endorsed prior Supreme Court dicta assuring the validity of 'longstanding prohibitions' of felon firearm possession").

consequences on the attorney's *ex ante* selection of one path among the many available to him[,]" *id.*, and must instead "consider the circumstances counsel faced at the time of the relevant conduct and . . . evaluate the conduct from counsel's point of view." *Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005).

This obligation to assess the performance of counsel "on the basis of the facts of the particular case 'viewed as of the time of counsel's conduct'" and without the benefit of hindsight extends to the law, as well. *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "An attorney is not required to 'forecast changes or advances in the law.'" *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (quoting *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1994) (holding that counsel could not be "deemed incompetent for failing to predict that the New York Court of Appeals would later overrule the Second Department's reasonable interpretation of New York law")); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (holding that challenges to appellate counsel's effectiveness are viewed in light of the law existing at the time counsel was required to file the brief on appeal).

The waiver provision of Mr. Cruz's plea agreement did not extend to claims of ineffective assistance of counsel. *See* Plea Agreement at 6 ("This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum."). But, because *Bruen* was not decided until more than a year after Mr. Cruz entered into his plea agreement, and in light of the caselaw cited above, counsel's failure to challenge the constitutionality of § 922(g) under *Bruen* cannot constitute ineffective assistance of counsel. Under the law at the time of Mr. Cruz's plea agreement, there was no good-faith reason to challenge the constitutionality of § 922(g). The Court therefore cannot conclude that counsel's

10

performance "fell below an objective standard of reasonableness[,]" *McCoy v. U.S.*, 707 F.3d 184, 187 (2d Cir. 2013), and there is no need to consider the second prong of the *Strickland* test.

Accordingly, Mr. Cruz's ineffective assistance of counsel claim will be denied.

## IV. CONCLUSION

For the foregoing reasons, the motion to vacate, set aside, or correct Mr. Cruz's sentence is **DENIED**.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** this 31st day of May, 2024, at New Haven, Connecticut.

                                              /s/ Victor A. Bolden
                                            Victor A. Bolden
                                            United States District Judge